IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
__WESTERN__ DIVISION

__TONY HIGHFILL__,           )
                             )
            **Plaintiff,**   )
                             )
vs.                          )   **Case No.** __4:19-cv-00481-GAF__
                             )
__GREAT LIFE KANSAS CITY__,  )
                             )
            **Defendant.**   )

### SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the following schedule is hereby established:

1. Any motion to join additional parties shall be filed on or before __9-30-19__.

2. Any motion to amend the pleadings shall be filed on or before __9-30-19__.

3. All discovery motions relating to fact discovery shall be filed on or before __4-15-20__.

4. All pretrial fact discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before __5-15-20__. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the taking of depositions.

The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied.

In the event that a teleconference is needed, my Judicial Assistant may be reached at 816-512-5660. All teleconference requests should be directed to her. A description of the discovery dispute, not to exceed one page in length, should be faxed to the Court at 816-512-5673 or emailed to my Judicial Assistant at lisa_mitchell@mow.uscourts.gov by movant within three hours of the teleconference.

5. Teleconferences by cell phone are discouraged. Counsel must have a clear connection without interference from background noise. Otherwise, counsel may be disconnected and considered as having failed to appear.

6. The plaintiff shall designate any expert witnesses he/she intends to call at trial on or before __1-8-20__, and the defendant shall designate any expert witnesses he/she intends to call at trial on or before __3-8-20__. This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether the witness was specially retained to provide trial testimony.

7. Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 6 above. The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Expert witnesses may testify only as to matters contained in the affidavit described above unless leave of Court is granted upon good cause shown.

8. With respect to treating physicians who will testify as to treatment provided, the requirements of paragraph 7 of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert as required under paragraph 6 of this Order. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of paragraph 7 of this Order.

9. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before ___6-1-20___. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.1 and 56.1.

10. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

11. This case is scheduled for a jury trial, commencing at  9:00  a.m./p.m., on  9-14-20  at the United States District Courthouse in Kansas City, Missouri.

12. A final pretrial conference in this case will be held at  9:00  a.m./p.m., on  8-31-20 , *via* telephone conference initiated by plaintiff's counsel; the Court's telephone number is 816-512-5660. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

   a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

   b. Identification of legal and factual issues to be tried;

   c. Disposition of pending motions;

   d. Discussion of any legal questions which must be resolved prior to trial;

   e. Discussion of any suggestions by counsel to simplify and expedite the trial; and

   f. Discussion of the status and likely success of settlement negotiations.

13. The following documents shall be filed prior to the pretrial conference:

   a. Motions in limine shall be filed at least ten (10) days prior to the pretrial conference. Responses to motions in limine shall be filed at least three (3) days prior to the pretrial conference.

   b. At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

c.  At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation as to the admissibility of evidence, when the identification and foundation of the exhibit is not to be contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

d.  Pursuant to Local Rule 39.1, at least three (3) days prior to the date the pretrial conference is to be held, each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause.

e.  Pursuant to Local Rule 39.1, at least three (3) days prior to the date the pretrial conference is to be held, that party will file and serve a list of all exhibits which may be offered at trial. The parties shall additionally prepare and provide to the courtroom deputy an exhibit index, with said index being prepared on a form that is available on the Court's website at http://www.mow.uscourts.gov . Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to list exhibits to be used only for rebuttal purposes. Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed by the counsel offering the exhibit. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause.

f.  Ten (10) days before the date the pretrial conference is to be held, each party asserting an affirmative claim or claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.), shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

g.  At least five (5) days prior to the date the pretrial conference is to be held, each party defending against an affirmative claim for relief shall file and serve:

   i.  Any objections to proposed deposition testimony designated by any other party;

5

ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

    h. On or before the date the pretrial conference is to be held, each party shall serve, file and deliver to all other parties its objections to any deposition testimony designated pursuant to subparagraphs g. ii. and iii. above.

14. The following documents shall be filed prior to trial:

    a. Two (2) weeks prior to trial, the parties shall jointly file on CM/ECF an original (without sources) and an annotated (with sources) set of proposed jury instructions. Proposed annotated instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of Model Civil Jury Instructions for the District of Courts of the Eighth Circuit and/or Missouri Approved Instructions (MAI) where available and appropriate. All instructions shall be designated as "Instruction No. ___" without indicating which party proposed the instruction. Parties shall also email to my Courtroom Deputy, terri_moore@mow.uscourts.gov, in MS Word format both the original and annotated copies of the instructions, in separate documents.

The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction. **The deadline for submitting objections and alternative proposed instructions is one (1) week before the date of trial.**

    b. At least five (5) days prior to the date of trial, counsel for each party may file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed.

    c. **At least ten (10) days prior to the date of trial**, counsel for each party is requested to file a list of questions or topics for voir dire examination desired to be propounded by the Court. Objections to opposing party's voir dire questions shall be filed at least five (5) days prior to trial.

15. The plaintiff shall designate any expert witnesses he intends to call at trial on or before January 8, 2020, and the Defendant shall designate any expert witnesses it intends to call at trial on or before March 8, 2020.

16. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before June 1, 2020.

17. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. You should be prepared to support your representations as to the length of trial.

18. In order to ensure the efficient use of time during trial, the following rules of Court will be imposed:

    a. All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court;

    b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

    c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

    d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their testimony.

Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by:*/s/ David A. Lunceford*

David A. Lunceford, MO #47014
201 S.E. First Street
Lee's Summit, Missouri 64063
Telephone: (816) 525-4701
Facsimile: (816) 347-0366
LLF.DLunceford@gmail.com
ATTORNEY FOR PLAINTIFF


FRANKE SCHULTZ & MULLEN, P.C.


by: /s/ Derek G. Johannsen
JOHN G. SCHULTZ #34711
DEREK G. JOHANNSEN #59195
DANIELLE M. UZELAC #66291 8900
Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
djohannsen@fsmlawfirm.com
duzelac@fsmlawfirm.com
**Attorneys for Defendant**